IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ASSUREDPARTNERS NEW ENGLAND, Inc. | Case No. 3:25-cv-00819-SFR |
| Plaintiff, | |
| | Honorable Judge Sarah F. Russell |
| vs. | |
| SHANNON ADAMS and CROSS FINANCIAL CORP. D/B/A CROSS INSURANCE, | |
| Defendants. | August 19, 2025 |

## JOINT MOTION TO ENTER AGREED PERMANENT INJUNCTION AND FINAL JUDGMENT

Plaintiff AssuredPartners New England, Inc. ("Plaintiff") and Defendant Shannon Adams ("Adams") file this Joint Motion to Enter Agreed Permanent Injunction and Agreed Order of Dismissal with Prejudice.

Plaintiff and Defendants Adams have entered into a confidential settlement agreement in this case that provides for entry of an agreed permanent injunction and agreed order of dismissal. A true and correct copy of the Agreed Permanent Injunction and Agreed Order of Dismissal is attached hereto as Exhibit "A" and is incorporated herein by reference (the "Agreed PI"). The Agreed PI references a confidential client list that has been sent separately to Adams. The Agreed PI disposes of all matters in controversy between and arising among Plaintiff and Adams in the above-styled and numbered action. Plaintiff and Adams jointly seek approval and entry of the Agreed PI.

WHEREFORE, Plaintiff and Adams respectfully request that the Court: (1) grant this Joint Motion as set forth herein; and (2) enter the Agreed Permanent Injunction and Agreed Order of Dismissal.

1

Dated: August 19, 2025                Respectfully submitted,

                                                            By:   */s/ Michael S. O'Malley*
John G. Stretton, Esq.
Michael S. O'Malley
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
281 Tresser Boulevard, Suite 602
Stamford, CT 06901
203-969-3109
John.stretton@ogletree.com
Michael.o'malley@ogletree.com
Attorneys for Plaintiff
ASSUREDPARTNERS NEW ENGLAND, INC.

*/s/ Kevin J. Greene*
Kevin J. Greene, Esq.
Halloran Sage
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Telephone: (860) 297-4670
Facsimile: (860) 548-0006
greene@halloransage.com
Attorneys for Defendant
SHANNON ADAMS

## CERTIFICATION

I hereby certify that on this date a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notie of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ Michael S. O'Malley

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ASSUREDPARTNERS NEW ENGLAND, Inc.<br><br>Plaintiff,<br><br>vs.<br><br>SHANNON ADAMS and CROSS FINANCIAL CORP. D/B/A CROSS INSURANCE,<br><br>Defendants. | Case No. 3:25-cv-00819-SFR<br><br>Honorable Judge Sarah F. Russell<br><br>August 19, 2025 |

**PLAINTIFF ASSUREDPARTNERS' AND DEFENDANT SHANNON ADAMS' AGREED INJUNCTION AND AGREED ORDER OF DISMISSAL WITH PREJUDICE**

Plaintiff AssuredPartners New England, Inc. ("AssuredPartners") and Defendant Shannon Adams ("Defendant Adams") (collectively, the "Parties"), by their respective counsel, enter into this Agreed Injunction (the "Injunction") and Agreed Order of Dismissal with Prejudice. Defendant Adams agrees to, and the Court therefore orders, as follows:

WHEREAS, the Parties have resolved this litigation and wish to enter the Injunction articulated below.

WHEREAS, the Parties agree to waive any requirement for a bond for this Injunction.

WHEREAS, the Parties have further agreed that this Injunction meets the requirements of law, including Rule 65 of the Federal Rules of Civil Procedure, and is enforceable.

By agreeing to this Injunction, the Parties jointly and respectfully stipulate and request that this Court enter this Injunction.

IT IS THEREFORE ORDERED as follows:

A. Defendant Adams will not, directly or indirectly, use, disclose, or misappropriate any of AssuredPartners' Confidential Information that she received in the course of her employment at AssuredPartners. The term "Confidential Information" means all Trade Secrets[1] and other information that is proprietary, private, and not generally known or accessible to members of the public or competitors of Company or employer group, whether or not in a written or recorded form, concerning the business or affairs of Company and/or its affiliates, subsidiaries, and parent companies and each of their respective successors and assigns (both individually and collectively as the context may require, the "Employer Group"), including but not limited to information relating to:

i) Employer Group's clients, prospective clients, acquisition targets, vendors, retail insurance brokers or agents, insurance carriers, insurance underwriters, and insurance wholesalers; or

ii) Employer Group's financial condition, business costs, profits and losses, results of operations, marketing plans, business plans, operations, acquisition strategies, pricing commissions, promotions, and business strategies and methods; or

iii) Services and products offered by Employer Group to its clients or prospective clients including but not limited to, policy forms and information, policy types, rating information, premium amounts, expiration dates, renewal information, client preferences or needs, client and prospective client lists (including lists that contain specific,

---

[1] "Trade Secrets" means information defined as a trade secret by the applicable state Trade Secrets Act, the DTSA, or other applicable law. Company employees, contractors, and consultants may disclose Trade Secrets: (1) in confidence, either directly or indirectly, to a federal, state or local government official, or to an attorney, solely for the purpose of reporting or investigating a suspected violation of law; (ii) in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal; or (iii) in connection with a lawsuit filed by such Company employees, contractors, or consultants for retaliation for reporting a suspected violation of law, but only (x) to their attorneys; or (y) in related court proceedings, provided that any documents containing Trade Secrets are filed only under seal and the Trade Secrets are not otherwise disclosed except pursuant to court order.

2

customized information about clients such as the identity or preferences of decision-makers, specialized requirements, habits, risk profiles, programs, purchase history and patterns, and overall insurance needs or preferences), information on risk characteristics, information concerning insurance markets for large or unusual risks and/or contracts or arrangements (including special terms and deals).

B. For the period until and including April 29, 2027, Defendant Adams shall not, directly or indirectly through another person or entity:

i) Offer, sell, solicit, quote, place, provide, renew, or service any insurance product, or provide service to, or accept business from any Restricted Client;[2]

ii) Take any action intended, or reasonably likely, to cause any Restricted Client to diminish its business with, or cease or refrain from doing business with, AssuredPartners; or

iii) Solicit for employment, hire, engage to perform services, or induce to terminate employment with AssuredPartners, any of AssuredPartners' current employees, or solicit for employment, hire, or engage to perform services, any person that was employed by AssuredPartners within the six (6) months prior to the date this Injunction is entered by the Court.

C. The Court finds that the limited restrictions of this Injunction are reasonable, valid, and enforceable.

---

[2] Restricted Client is defined by an identifiable group of clients provided separately to Defendant Adams in a document titled Exhibit E.

D. This Court shall retain jurisdiction over this action for the purpose of implementing and enforcing this Injunction and AssuredPartners and Defendant Adams consent to the personal and subject matter jurisdiction of this Court.

E. This Injunction is and shall be binding on AssuredPartners and Defendant Adams and their successors, assigns, and heirs.

F. AssuredPartners' claims against Defendant Adams in this case are hereby dismissed with prejudice.

G. Each party shall bear its own expenses, attorneys' fees, and costs.

H. There shall be no appeal from this Injunction.

**IT IS SO ORDERED** on August 25, 2025.

_____
JUDGE PRESIDING
Sarah F. Russell